UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KRISTOPHER STIDHAM,

    Petitioner,

v.

    Case Number 07-13219-BC
    Honorable Thomas L. Ludington

JAN TROMBLEY,

    Respondent.
_____/

# OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is the pro se application of Petitioner Kristopher Stidham for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted of one count of second-degree murder, Mich. Comp. Laws § 750.317, on his plea of guilty in the Allegan County Circuit Court. Petitioner was sentenced to forty to seventy five years in prison, and is presently confined at the Thumb Correctional Facility in Lapeer, Michigan. Petitioner alleges that the trial court violated his Sixth Amendment right to confrontation by ruling that co-defendant Jacob Martin's statement to the police could be admitted at Petitioner's trial, that the trial court erred in permitting Petitioner's ex-wife to testify against him, and that Petitioner was denied the right to the effective assistance of trial and appellate counsel. Respondent filed an answer to the petition, asserting that each claim has either been waived, because of Petitioner's guilty plea, or lacks merit. The Court agrees that Petitioner's claims are either waived or without merit; therefore, the petition will be denied.

I

Petitioner was originally charged with open murder[1], conspiracy to commit first-degree murder, and being a fourth felony habitual offender.

On March 14, 2001, Petitioner pleaded guilty to a reduced charge of second-degree murder, in exchange for dismissal of the original charges. On April 20, 2001, Petitioner was sentenced to forty to seventy five years in prison.

Petitioner, through appellate counsel, subsequently filed a motion to withdraw his plea, a motion for resentencing, and a motion for an evidentiary hearing regarding the issue of ineffective assistance of trial counsel. On September 12, 2002, the trial court denied all of Petitioner's motions, except his request for an evidentiary hearing on his ineffective assistance of counsel claim. *People v. Stidham*, No. 00-11739-FC (Allegan County Circuit Ct. Sept. 12, 2002). The court conducted an evidentiary hearing on November 25, 2002. After hearing testimony from Petitioner and Petitioner's trial counsel, the trial court denied Petitioner's ineffective assistance of counsel claims.

Petitioner's conviction was affirmed on appeal. *People v. Stidham*, No. 244189 (Mich. Ct. App. Nov. 25, 2002); *leave denied*, 468 Mich. 939; 664 N.W. 2d 220 (2003). Petitioner thereafter filed a post-conviction motion for relief from judgment pursuant to Michigan Court Rule 6.500, *et. seq.*, which was denied by the trial court. *People v. Stidham*, No. 00-11739-FC (Allegan County Circuit Ct. May 23, 2005). The Michigan appellate courts denied Petitioner leave to appeal. *People v. Stidham*, No. 271091 (Mich. Ct. App. Dec. 27, 2006); *leave denied*, 478 Mich. 926; 732 N.W.2d 909 (2007).

---

[1] Under Michigan law, the offense of open murder includes the charge of first-degree murder. *Williams v. Jones*, 231 F. Supp. 2d 586, 589 (E.D. Mich. 2002) (*citing* Mich. Comp. Laws §§ 750.316, 750.318; *People v. McKinney*, 65 Mich. App. 131, 135; 237 N.W.2d 215, 218 (1975)).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

I. The trial court abused its discretion and erred in allowing co-defendant Jacob Martin's statement as evidence for trial 1) as an exception to the hearsay rule where the statement was unreliable as it was made to a lieutenant with the Michigan State Police after intense inquiry and where co-defendant's motivation was both, not to take the fall alone and to curry favor with the authorities, and 2) the use of such evidence constituted a violation of Petitioner's right to confrontation guaranteed by the Sixth Amendment of the U.S. Constitution and Michigan Const 1963, Art 1, Sec 20.

II. The trial court abused its discretion in allowing Petitioner's ex-wife's testimony where it was 1) unfairly prejudicial; 2) inherently incredible because it was made to curry favor with the prosecutor and to absolve her of participation in the crime; and 3) where its disclosure was prohibited by the spousal privilege and its use was ex post facto.

III. Petitioner was denied his Sixth Amendment right to effective assistance of counsel where his trial attorney: 1) did not assert the diminished capacity defense; 2) did not argue the scoring of the sentencing guidelines; 3) did not object or request an adjournment, based on the amendment of the Information on the morning of the preliminary exam to include a new charge; and 4) did not interview a witness who could verify the victim's propensity for child molestation, all of which severely prejudiced Petitioner.

IV. Petitioner was denied his Sixth Amendment right to effective assistance of appellate counsel because where his counsel 1) failed to follow through into the Michigan Court of Appeals when the trial court denied his motion to withdraw plea; 2) failed to follow through into the Michigan Court of Appeals defendant's issue of diminished capacity; and 3) had Petitioner in two separate jurisdictions at the same time.

## II

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the

> State court proceeding.

28 U.S.C. § 2254(d); *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. *Id.* at 412-413. A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

### III

### A

Petitioner waived his first and second claims, as well as a portion of his third claim, by virtue of his plea of guilty. A properly invoked guilty plea normally forecloses challenges to a conviction based on antecedent non-jurisdictional errors. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). As a general rule, one who voluntarily and intelligently pleads guilty to a criminal charge may not subsequently seek federal habeas relief on the basis of pre-plea constitutional violations. *Hudson v. Moran*, 760 F.2d 1027, 1029 (9th Cir. 1985); *Walters v. People*, 997 F. Supp. 1295 (C.D. Cal. 1998).

In his first claim, Petitioner alleges that the trial court violated his Sixth Amendment right of confrontation by ruling that co-defendant Jacob Martin's statements to the police could be

admitted at trial against Petitioner, even if Martin did not testify. A voluntary plea of guilty has been held to constitute a waiver by a defendant of his constitutional defenses, including a claim involving an inadmissible confession of a co-defendant. *See Watts v. United States*, 278 F.2d 247, 250 (D.C. Cir. 1960). Petitioner's plea of guilty in this case therefore waives his right to challenge the trial court's decision to admit Martin's statements at petitioner's trial. *Id.* Moreover, Petitioner's related claim that he was coerced into pleading guilty as a result of the trial court's decision to admit Martin's statement into evidence must be rejected. When a defendant elects to plead guilty, even though seemingly induced to do so as result of an erroneous ruling concerning the admission of a confession of a co-defendant, the plea is not involuntary. *Id.*

Likewise, Petitioner's claim that the marital privilege should have been applied to prohibit his ex-wife from testifying is a non-jurisdictional issue that has been waived by his plea of guilty. *See United States. v. Dwumaah*, No. 2007 WL 4333813, * 4 (M.D. Pa. 2007). To the extent that Petitioner is challenging the admission of his ex-wife's testimony at the preliminary examination or the amendment of the information at the preliminary examination, Petitioner's guilty plea waives the right to challenge any improprieties which may have occurred at the preliminary examination. *See Bostick v. Craven*, 429 F.2d 23, 24 (9th Cir. 1970); *Giegler v. Trombley*, No. 2003 WL 22480131, * 9 (E.D. Mich. Oct. 15, 2003).

Finally, pre-plea claims of ineffective assistance of trial counsel are also considered non-jurisdictional defects that are waived by a guilty plea. *See United States v. Stiger*, 20 F.App'x 307, 309 (6th Cir. 2001). *See also Siebert v. Jackson,* 205 F. Supp. 2d 727, 733-34 (E.D. Mich. 2002) (habeas petitioner's claims regarding alleged deprivations of his constitutional rights that occurred before his guilty plea, as a result of his trial counsel's alleged ineffective assistance, were foreclosed

by his guilty plea, where he stated during the plea acceptance hearing that he was satisfied with counsel's representation, and he did not complain of counsel's advice concerning plea agreement). A voluntary guilty plea waives all claims of ineffective assistance of counsel, except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983); *Russell v. Pitcher*, 2000 WL 1769568, * 3 (E.D. Mich. October 24, 2000). Therefore, Petitioner waived any pre-plea allegations of ineffective assistance of counsel that do not affect the voluntariness of his plea when he tendered his guilty plea.

B

The Court will consolidate Petitioner's third and fourth ineffective assistance of counsel claims for judicial clarity.

In *Strickland v. Washington,* 466 U.S. 668, 687 (1984), the Supreme Court established a two-pronged test for determining whether a criminal defendant has received ineffective assistance of counsel. First, the convicted person must prove that counsel's performance was deficient, which "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Second, the convicted person must show that counsel's deficient performance prejudiced his case. Prejudice is established by a "showing that counsel's errors were so serious as to deprive the defendant of a fair trial." *Id.* The Supreme Court emphasized that when assessing counsel's performance, the reviewing court should afford counsel a great deal of deference:

> "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel

> was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."

*Id.* at 689 (internal citations and quotations omitted).

The Supreme Court explained that to establish deficient performance, a habeas petitioner must identify acts that were "outside the wide range of professionally competent assistance." *Id.* at 690. To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The Sixth Circuit, applying the *Strickland* standard, has held that a reviewing court must focus on whether counsel's alleged errors "have undermined the reliability of and confidence in the result." *McQueen v. Scroggy*, 99 F.3d 1302, 1311 (6th Cir. 1996). The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt*, 395 F.3d 602, 617 (6th Cir. 2005).

In order to satisfy the prejudice requirement for an ineffective assistance of counsel claim in the context of a guilty plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty, and would have insisted on a trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). An assessment of whether a defendant would have gone to trial but for counsel's errors "will depend largely on whether the affirmative defense likely would have succeeded at trial." *Id.* at 59. The Sixth Circuit has interpreted *Hill* to require a federal habeas court to analyze the substance of the habeas petitioner's underlying claim or defense to

determine whether but for counsel's error, petitioner would likely have gone to trial instead of pleading guilty or no contest. *See Maples v. Stegall*, 340 F.3d 433, 440 (6th Cir. 2003). The petitioner must therefore show a reasonable probability that but for counsel's errors, he would not have pleaded guilty, because there would have been a reasonable chance that he would have been acquitted had he insisted on going to trial. *Doyle v. Scutt*, 347 F. Supp. 2d 474, 484 (E.D. Mich. 2004).

In the present case, Petitioner has failed to show a reasonable probability that he could have prevailed had he insisted on going to trial, or that he would have received a lesser sentence than he received by pleading guilty. *See Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 750 (E.D. Mich. 2005). Petitioner's primary claim is that his trial counsel was ineffective for failing to assert a diminished capacity defense. In 1994, the Michigan legislature enacted Mich. Comp. Laws. § 768.21a, which set forth the legal standards for an insanity defense in Michigan. The Michigan Supreme Court has subsequently held that this statute abolished the diminished capacity defense in Michigan, and that the insanity defense, as established by the Michigan Legislature in § 768.21a, was the sole standard for determining criminal responsibility as it relates to mental illness or retardation. *See People v. Carpenter*, 464 Mich. 223, 241; 627 N.W.2d 276 (2001). *See also Wallace v. Smith*, 58 F.App'x 89, 94 n.6 (6th Cir. 2003). Because Michigan no longer recognizes a diminished capacity defense, Petitioner is unable to show that counsel was ineffective in failing to pursue such a defense on Petitioner's behalf. *See, e.g.*, *Nields v. Bradshaw*, 482 F.3d 442, 456 (6th Cir. 2007). *See also Hart v. Davis*, No. 2007 WL 2049511, * 4 (E.D. Mich. July 12, 2007).

As a related claim, Petitioner contends that counsel was ineffective for failing to pursue an intoxication defense. Federal courts have rejected ineffective assistance of counsel claims for failure

to raise an intoxication defense on the ground that the level of intoxication needed to negate specific intent is so high that the defense is rarely successful. *Evans v. Meyer*, 742 F.2d 371, 374 (7th Cir. 1984); *Wilen v. Wainwright*, 793 F.2d 1190, 1194 (11th Cir. 1986). *See also Vinson v. McLemore,* 226 F.App'x 582, 585 (6th Cir. 2007) (trial counsel's alleged conduct in relying on self-defense as defendant's only theory of acquittal, rather than investigating and pursuing voluntary intoxication defense, was reasonable trial strategy, and therefore was not ineffective assistance of counsel; trial counsel explained at evidentiary hearing he never used alcohol as a defense and had never known of it being successful and that jurors ordinary did not like the argument that a defendant was too drunk to know what he was doing). Moreover, while an intoxication defense might have negated the specific intent required for a first-degree murder conviction, second degree murder is a general intent crime for which voluntary intoxication is not a defense. *People v. Longworthy*, 416 Mich. 630, 651; 331 N.W.2d 171 (1982). Therefore, Petitioner has not shown a reasonable probability that he would have received a lesser sentence had he presented an intoxication defense at trial than he received by pleading guilty to the second-degree murder charge. *See Shanks*, 387 F. Supp. 2d at 750.

Petitioner next contends that his counsel was ineffective for failing to investigate a witness to verify the victim's propensity for child molestation, apparently to support a provocation defense that Petitioner claims would have mitigated his murder charge to voluntary manslaughter. Under Michigan law, to establish voluntary manslaughter, the evidence must establish (1) that the defendant killed in the heat of passion; (2) that the passion was caused by an adequate provocation; and (3) that there was not a lapse of time during which a reasonable person could control his passions. *Williams v. Withrow*, 328 F. Supp. 2d 735, 748-49 (E.D. Mich. 2004) (citing *People v.*

*Pouncey*, 437 Mich. 382, 388; 471 N.W.2d 346, 350 (1991)).

Petitioner's claim lacks merit for several reasons. First, at the evidentiary hearing conducted on Petitioner's ineffective assistance of counsel claim, Petitioner's counsel, James Mikel McEwen, testified that Petitioner initially denied that he was present during the murder or the death and that he maintained this position throughout most of their contact. McEwen indicated that the defense was going to be that Petitioner was not present when the murder took place and that he did not conspire to kill the victim. Around the time of the plea, Petitioner changed his story and admitted to counsel that he was present, informing counsel that the event was "haunting him, he couldn't sleep at night." Petitioner then told counsel a version of events that was consistent with the facts that Petitioner gave to the court at the time of his guilty plea. (Tr. 11/25/2002, pp. 34-35). The trial court, in denying Petitioner's ineffective assistance of counsel claim, appeared to credit counsel's testimony that Petitioner had informed counsel that he wasn't present when the killing took place. (*Id.* at p. 50).

In considering federal habeas petitions, a federal district court must presume the correctness of state court factual determinations, and a habeas petitioner may rebut this presumption only with clear and convincing evidence. *Bailey v. Mitchell*, 271 F.3d 652, 656 (6th Cir. 2001); 28 U.S.C. § 2254(e)(1). Although the issue of ineffective assistance of counsel presents a mixed question of law and fact, any underlying historical facts found by the state courts are presumed correct. *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996). This is particularly so where credibility determinations are involved. *See Haley v. Armontrout*, 924 F.2d 735, 739-740 (8th Cir. 1991). The presumption of correctness also "applies to implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *Carey v. Myers*, 74 F.App'x 445, 448

(6th Cir. 2003) (citing *McQueen*, 99 F.3d at 1310).

In denying petitioner's ineffective assistance of counsel claim, the trial court credited, at least implicitly, counsel's testimony that Petitioner had consistently told him throughout the case that he was not present when the murders took place. Counsel was not deficient in failing to pursue a "heat of passion" defense, in light of the fact that such a defense would have been inconsistent with Petitioner's continued insistence that he had no involvement in the crime. *See Poindexter v. Mitchell*, 454 F.3d 564, 573-75 (6th Cir. 2006).

In addition, Petitioner's claim that he killed the victim in the heat of passion because the victim had molested his child is tenuous. At the guilty plea hearing, Petitioner told the trial court that on the night of the killing, he had put his son to bed. The victim had decided to go to his room, "and upon doing so he must have stole my child out of his bed and took him to his room with him." During the night, Petitioner claimed that he heard his child screaming for him. Petitioner indicated that he went to retrieve his son from the victim's bed and "realized that there was a lot of possibilities of him molesting my child." Petitioner indicated that based on that notion, he and his co-defendant assaulted the victim. (Plea Tr., p. 14). Petitioner further claimed that when he and the co-defendant could not get a straight answer out of the victim, they decided to scare him to see if he had done anything to Petitioner's son. (*Id.* at p. 15). Petitioner and the co-defendant left the house and took the victim to a wooded area, where Petitioner knocked the victim down and the co-defendant stabbed him in the neck with a knife. When the co-defendant attempted to pull the knife out of the victim's neck, Petitioner told him to leave it there. Petitioner acknowledged that he left the victim out in the woods with a knife in his neck. (*Id.* at pp. 15-24). Significantly, Petitioner indicated, in a response to a question from the court, that no one told him to make up all or part of

what he had told the court. (*Id.* at p. 22).

Petitioner's indication to the judge that he did not actually see the victim sexually molest his son would have undercut a defense that Petitioner killed the victim in a heat of passion, as would the fact that Petitioner and the co-defendant lead the victim out of the house and into the woods, where they proceeded to beat and stab him, after there had been a reasonable time for Petitioner to cool off. In light of the tenuous nature of Petitioner's heat of passion defense, counsel was not ineffective in failing to pursue such a defense. *Carter v. Mitchell*, 443 F.3d 517, 533 (6th Cir. 2006).

Finally, Petitioner alleges that his trial counsel was ineffective for failing to object to the scoring of his sentencing guidelines. Although the Supreme Court has never expressly extended *Strickland* to noncapital sentencing cases, the Sixth Circuit has applied it in that context. *See United States v. Stevens*, 851 F.2d 140, 145 (6th Cir. 1988). "[A] failure to investigate, participate in, and prepare for the sentencing proceedings fails to satisfy an objective standard of reasonable representation and therefore falls below Sixth Amendment standards for effective assistance of counsel." *Arredondo v. United States,* 178 F.3d 778, 788 (6th Cir. 1999). To establish a claim of ineffective assistance of counsel in the sentencing context, a defendant must show:

> (1) [C]ounsel's representation fell below the objective standard of reasonableness; and
> (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the sentence would have been different.

*United States v. Harris*, 894 F.Supp. 20, 26 (D.D.C. 1995) (citing *Strickland* 466 U.S. at 687-94).

In the present case, the sentencing court, in rejecting Petitioner's motion for re-sentencing, found that the sentencing guidelines had been correctly scored. Because Petitioner has not shown that his counsel acted deficiently with respect to the scoring of the guidelines, Petitioner does not prevail on his ineffective assistance of counsel claim. *See Bridinger v. Berghuis*, 429 F. Supp. 2d

903, 911 (E.D. Mich. 2006). Moreover, in light of the trial court's ruling that the sentencing guidelines were correctly scored, Petitioner has not shown a "reasonable probability" that the trial court would have imposed a different sentence, so as to establish that his counsel was ineffective at sentencing. *See United States v. Mack,* 219 F.App'x 456, 464 (6th Cir. 2007).

In his fourth claim, Petitioner contends that he was denied the effective assistance of appellate counsel. Petitioner first claims that his appellate counsel was ineffective for failing to conduct oral argument before the trial court on two out of the four claims that appellate counsel raised in motions before the trial court. However, the trial court addressed, and denied, the merits of these claims in its initial opinion and order of September 12, 2002. To the extent that Petitioner asserts that appellate counsel was ineffective for failing to preserve oral argument on these two claims, he has not established prejudice, in light of the fact that the trial court addressed these appellate claims on their merits. *See Gardner v. Kapture,* 261 F. Supp. 2d 793, 804 (E.D. Mich. 2003).

Petitioner next contends that appellate counsel was ineffective, because appellate counsel had Petitioner's appeal in front of two different courts, namely, the trial court and the Michigan Court of Appeals, at the same time. Specifically, Petitioner notes that appellate counsel failed to move for the Michigan Court of Appeals to hold his application for leave to appeal in abeyance until the completion of his evidentiary hearing in the state trial court. The evidentiary hearing was conducted on the same day that the Michigan Court of Appeals denied Petitioner's application for leave to appeal. Petitioner contends that the Michigan Court of Appeals denied his appeal without first reviewing the transcript from the evidentiary hearing.

This Court has already reviewed Petitioner's ineffective assistance of trial counsel claims

and has found them to be without merit. In light of the fact that the underlying ineffective assistance of trial counsel claims were without merit, Petitioner was not prejudiced by any failure of appellate counsel to provide a transcript of the evidentiary hearing to the Michigan Court of Appeals; therefore, he cannot obtain habeas relief on this basis. *See Martin v. Mitchell,* 280 F.3d 594, 617 (6th Cir. 2002).

Lastly, Petitioner contends that appellate counsel was deficient for failing to present more evidence on appeal concerning Petitioner's diminished capacity defense. Given that Michigan no longer recognizes diminished capacity as a valid defense, Petitioner was not prejudiced by appellate counsel's failure to present more evidence in support of his diminished capacity defense.

Finally, Petitioner has requested a copy of the transcripts in this matter to assist him with his petition. [dkt # 8]. The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254.

Habeas petitioners do not, however, have a right to automatic discovery. *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). A district court has the discretion, under Rule 6 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, to grant discovery to a habeas petitioner upon a fact specific showing of good cause. *Id*. If a petitioner can point to specific evidence that might be discovered that would support his constitutional claims, he is able to establish good cause to obtain discovery. *Burns v. Lafler*, 328 F. Supp. 2d 711, 718 (E.D. Mich. 2004). However, without a showing of good cause and without a habeas petitioner citing to specific information of what he

hopes to learn from the additional discovery, a federal court will not order discovery. *Id.* Moreover, a district court does not abuse its discretion by denying a habeas petitioner's request for discovery, when the discovery requested by a petitioner would not have resolved any factual disputes that could entitle him to habeas relief, even if the facts were found in his favor. *Id.*

Petitioner is not entitled to the production of these transcripts, because the discovery sought by him would not entitle him to habeas relief, even if the facts were found in his favor. *Burns v. Lafler*, 328 F. Supp. 2d at 719. *See also Sellers v. United States*, 316 F. Supp. 2d 516, 523 (E.D. Mich. 2004). Accordingly, the motion to compel production of the state court transcripts will be denied.

### III

A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002). In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right.

IV

For the reasons stated above, Petitioner is not entitled to federal habeas relief on the claims contained in his petition.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**. The Court **DECLINES** to issue a certificate of appealability because reasonable jurists would not debate whether the petition states a valid claim of the denial of a constitutional right or whether the Court's procedural ruling is correct. *Slack*, 529 U.S. at 484.

It is further **ORDERED** that an appeal from this order would be frivolous and could not be taken in good faith. See 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Therefore, Plaintiff may not pursue an appeal from this order in forma pauperis. 28 U.S.C. § 1915(a)(3).

It is further **ORDERED** that the request for production of the state court transcripts [dkt # 8] is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: September 4, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 4, 2008.

s/Tracy A. Jacobs
TRACY A. JACOBS